IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERIC MONDELL FORSHEE,                                              PETITIONER

V.                                                                 NO. 1:95CR032-GHD

UNITED STATES OF AMERICA,                                          RESPONDENT

## MEMORANDUM OPINION

Presently before the court is Eric Forshee's, a federal inmate proceeding *pro se*, § 2255 motion in which he is seeking to vacate or reduce his sentence imposed following the revocation of his supervised release. Upon due consideration the court finds that the motion shall be denied.

*A. Factual and Procedural Background*

On September 25, 1995, Forshee was sentenced to twenty-eight months imprisonment to be followed by three years of supervised release for conspiracy to defraud the United States. After being released from the custody of the Mississippi Department of Corrections, Forshee was required to report to the United States Probation Office within 72 hours of his release by the terms of his federally imposed sentenced. Forshee never reported to the federal probation office in violation of the terms of his supervised release. As a result on February 27, 2008, the United States Probation Officer filed a petition to revoke Forshee's supervised release.

On April 25, 2008, the court revoked his supervised release and sentenced Forshee to six months imprisonment. Forshee did not appeal the sentence but instead filed this 2255 motion. While this matter was pending, however, Forshee was released from federal imprisonment on September 10, 2008.

*B. Discussion*

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S.

388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (citations omitted).

> This cases-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a "personal stake in the outcome' of the lawsuit." This means that, throughout the litigation , the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.
>
> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole–some "collateral consequence" of the conviction–must exist if the suit is to be maintained. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).

*Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (internal citations omitted).

When Petitioner commenced this § 2255 action, he was incarcerated as a consequence of the revocation of his supervised release. He specifically attacks the validity of the revocation with this action. The validity of the underlying conviction is not in question. Petitioner, however, was released from confinement on September 10, 2008. His release renders the instant § 2255 action moot. *See United States v. Robinson*, 39 Fed. Appx. 723, 724-26 (3d Cir. 2002). Although pursuant to *Spencer*, the court presumes that an alleged wrongful conviction has continuing collateral consequences even though movant may have fully served his sentence for the conviction, there is no such presumption for an alleged wrongful revocation of supervised release. *Id.* at 725 (applying *Spencer* to the revocation of supervised release); *Spencer*, 523 U.S. at 14 (no collateral consequences presumption for revocation of parole).

Such is the case here. Petitioner has not alleged the existence of any collateral consequences from the revocation of his supervised release and the court is unaware that any exist. As a result of

2

his release and in the absence of any consequences flowing from the revocation, this matter does not present a continuing controversy. Therefore, the case or controversy requirement of Article III has not been satisfied. Thus, the court lacks jurisdiction over this action.

*C. Conclusion*

For the foregoing reasons, Petitioner's 2255 motion should be dismissed because his release rendered the action moot.

A final judgment in accordance with this opinion will be entered.

THIS the 16 day of October, 2008.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI